OPINION
Appellant, Tasha Peoples, appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Court Division, which granted permanent custody of Albert and Joshua Peoples to appellee, the Cuyahoga County Department of Children and Family Services ("CCDCFS"). Appellant raises three assignments of error. This court, finding no error, affirms the decision of the trial court.
Initially, we note that appellant has failed to provide a substantive statement of the case and/or facts of this appeal as required by App.R. 16. However, from a review of the record and appellee's brief, the following facts have been adduced. Appellee, the CCDCFS, received temporary custody of appellant in 1988 due to neglect by her parents. While still in custody, appellant gave birth to Albert Peoples on July 27, 1990 and Joshua Peoples on November 22, 1991. Both children were similarly placed in the temporary custody of the appellee.
On November 18, 1992, appellee terminated its custody of appellant and subsequently terminated custody of the two children. Custody of Albert and Joshua was then awarded to their mother, appellant. On April 8, 1994, appellee received a referral stating that Joshua had been hospitalized after suffering "Shaken Baby Syndrome." Once stabilized, Joshua was released back to the care of appellant. On October 19, 1994, appellee again received a referral stating this time that Joshua had bite marks and bruises all over his body. Appellant admitted to inflicting the injuries and was charged with child endangering and felonious assault. On October 21, 1994, appellant signed an Agreement for Temporary Custody placing Albert and Joshua in the temporary custody of appellee since she was sentenced to a lengthy prison term.
The first hearing for permanent custody of Albert and Joshua occurred on June 30, 1997. In accordance with the wishes of the parties and without objection, the hearing was continued for the purposes of collecting more information. On July 28, 1997, a second hearing was held where the parties stipulated that the children were neglected. Thus, the sole issue remaining concerned the custody of the children.
At the hearing, the court received evidence that appellant had been incarcerated for over eighteen (18) months. Moreover, appellants paramour, Mr. Douglas Rivers, stated that he wished to take custody of the two children. He further testified that he had never met Albert or Joshua, that he currently has custody of five other children, and that he is currently unemployed. Finally, Mr. Rivers acknowledged that as a result of prior abuse, Joshua takes special medication and has special educational needs. The court then continued the case until it had more information upon which to issue its decision.
A hearing was held on September 8, 1997, wherein the Guardian ad Litem discussed his findings with the trial court. The court heard further evidence regarding the children's current position in foster care and the fact that the foster parents expressed a wish to adopt Albert and provide a permanency plan for Joshua ensuring they will be raised together. On October 6, 1997, the trial court awarded appellee permanent custody of Albert and Joshua Peoples. Appellant appeals the courts decision.
Appellant states as her first assignment of error:
 I. THE TRIAL COURT HAS FAILED TO PROVIDE A COMPLETE RECORD OF THE PERMANENT CUSTODY HEARING AS REQUIRED BY R.C. 2151.35 AND JUVENILE RULE 37 (A).
Appellant argues the court failed to make certain that a complete record was made of all proceedings as mandated by R.C.2151.35(A) and Juv.R. 37(A). However, a review of the record establishes that transcripts of the three proceedings were made and certified as true and accurate copies of the proceedings. Moreover, that the trial court stated in its journal entry that "this matter came on for consideration this 16th day of September, 1997" cannot reasonably be interpreted to mean there was a hearing on that date which was not recorded. Instead, it is clear that the court was merely referring to the date in which it issued its decision. Absent any evidence in the record to support appellants assertion, appellant's first assignment of error is not well taken.
Appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED BY FAILING TO FOLLOW THE REQUIREMENTS OF R.C. 2151.414(D)(3) AS THE CHILDREN'S (SIC) WISHES WERE NOT PRESENTED INTO EVIDENCE NOR WERE THEY EXPRESSED INDIRECTLY IN THE GUARDIAN AD LITEM'S REPORT AND RECOMMENDATION TO THE COURT.
Appellant argues the children's wishes must be expressed pursuant to R.C. 2151.414(D)(3) either through the children or the Guardian ad Litem. Since the Guardian did not express the children's wishes and since his report does not indicate the Guardian ever met with the children, the courts award should be reversed. We disagree.
Recently, in In re: Matthew Vinci (Sept. 3, 1998), Cuyahoga App. No. 73043, unreported, we held:
 Ohio law recognizes two mechanisms for committing a child to the permanent custody of a public children services agency. The agency may request permanent custody as the dispositional order pursuant to the filing of an original complaint for dependency, neglect, or abuse or the agency may file a motion for permanent custody subsequent to a prior order of temporary custody or long-term family foster care. R.C. 2151.353(A)(4); R.C. 2151.413; R.C. 2151.414. Where, as in the case under review, permanent custody is requested as the initial dispositional order, the adjudication and disposition must occur at bifurcated hearings. R.C. 2151.35; Juv.R. 29(E)(4); Juv.R. 34(A). If the parent against whom allegations are made in a dependency complaint admits the allegations, or if clear and convincing evidence is presented at the adjudicatory hearing to establish that the child is a dependent child, the court may enter an adjudication of dependency and proceed to disposition. R.C. 2151.353 (A); Juv.R. 29 (C); Juv.R. 29(E)(4); Juv.R. 29(F)(2). If the adjudication is made, the court may grant permanent custody if it determines at the dispositional hearing by clear and convincing evidence in accordance with R.C. 2151.414 (E) that the child cannot be placed with either parent within a reasonable time, or should not be placed with either parent, and if it determines in accordance with R.C. 2151.414(D) that the permanent commitment is in the best interest of the child. R.C. 2151.353(A)(4).
 Appellant's sole assignment of error is directed to the trial court's determination that Matthew could not be placed with her within a reasonable time or should not be placed with her. She does not allege any error with respect to the trial courts best-interest determination. In support of her assignment of error, appellant relies primarily on the case of In re William S. (1996). 75 Ohio St.3d 95, 661 N.E.2d 738. In William S., the supreme court held that in determining, in a permanent custody action, whether a child cannot be placed with either parent within a reasonable time or should not be placed with either parent, the trial court may consider only the eight factors specifically enumerated in R.C. 2151.414 (E). We find appellant's reliance on William S. to be misplaced. Subsequent to the decision in William S., and prior to the filing of the complaint in the within case, R.C. 2151.414(E) was amended by the General Assembly by adding four additional factors that a court may consider, including the catch-all provision "[a]ny other factor the court considers relevant." R.C. 2151.414(E)(12). See, In re Shahan (June 26, 1997), Hocking App. No. 97CA02, unreported. Thus, the juvenile court had the discretion to consider all relevant factors, including those factors relating to appellants mental illness and erratic behavior, in its determination that clear and convincing evidence existed to establish that Matthew could not be placed with his parents within a reasonable time or should not be placed with his parents. We have previously determined that "clear and convincing evidence" as required by R.C. 2151.414 is defined as "that measure or degree of proof which is more than a mere `preponderance of the evidence' but not to the extent of such certainty as is required "beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." In re Awkal (1994), 95 Ohio App.3d 309, 315, 642 N.E.2d 424, citing Lansdowne V. Beacon Journal Publishing Co.
(1987), 32 Ohio St.3d 176, 180-181, 512 N.E.2d 979. Our review of the record as a whole in the instant case demonstrates the existence of clear and convincing evidence that Matthew could not or should not be placed with his mother pursuant to one or more of the factors listed in R.C. 2151.414 (E). See, In re Leverett (Mar. 26, 1998), Cuyahoga App. Nos. 71357-71360, unreported. (Footnotes omitted).
In this case, appellee filed a complaint alleging neglect on April 4, 1997. The parties stipulated that the children were neglected. Therefore, the sole issue remaining for the court is to determine at the dispositional hearing by clear and convincing evidence in accordance with R.C. 2151.414(E) that the child cannot be placed with either parent within a reasonable time, or should not be placed with either parent, and if it determines in accordance with R.C. 2151.414(D) that the permanent commitment is in the best interest of the child. R.C. 2151.353 (A)(4). Inre: Matthew Vinci, supra.
Appellant makes the assertion that "the children's wishes were not presented by or through the Guardian Ad Litem" in accordance with R.C. 2141.414 (D). Appellant bases her claim upon the seemingly inadequate report by the Guardian ad Litem which does not specifically deal with the wishes of the children.
However, the court's journal entry states in part: "considering all factors set forth in section 2151.414 (D), and upon further consideration, the court finds by clear and convincing evidence that it is in the best interest of the children to grant permanent custody to Cuyahoga County Department of Children and Family Services.
Moreover, a review of the hearing transcript of September 8, 1997, establishes that the court was informed that the two children "have become attached to [their current caretakers]". From this we can only infer that the children were contacted concerning this issue and that their wishes, as best a seven and five year old can articulate, were presented to the court.
This representation, coupled with the presumption that the trial court did consider the factors set forth in R.C. 2151.414(D) as it had stated in its journal entry, leads this court to conclude that the court properly considered the statutory factors set forth in R.C.2151.414(D) in making its determination of permanent custody. Appellant's second assignment of error is not well taken.
Appellant's third assignment of states:
 THE GUARDIAN AD LITEM FAILED TO FAITHFULLY DISCHARGE HIS DUTIES AS REQUIRED BY LAW.
Appellant asserts that the Guardian ad Litem failed to discharge his duties by failing to ascertain the wishes of the children and by failing to update his report and recommendation concerning a prospective caretaker-custodian of the children;i.e., Douglas Rivers. Again, appellant bases this allegation solely upon the report and recommendation which was timely filed prior to the first permanent custody hearing pursuant to R.C.2151.414 (C).
However, a review of the record establishes that the court continued the hearing on permanent custody until more information was presented concerning the qualifications of Mr. Douglas. At the September 8, 1997 hearing, the court was presented with the information requested concerning, among other things, his ability to care for a child with special needs, his financial/employment situation, and his current relationship with the two children. Moreover, there is evidence establishing the Guardian ad Litem was aware of this information and concluded that while he was "good intentioned," he still believed appellee should get permanent custody.
Accordingly, the Guardian ad Litem did take into account the qualifications of Mr. Douglas prior to rendering his final recommendation to the court. Moreover, the court was satisfied that it had enough information on Mr. Douglas to render a decision. In light of this undisputed evidence in the record, we find appellant has failed to establish the Guardian ad Litem failed to sufficiently discharge his duties. Appellant's third assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee's recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure
MICHAEL J. CORRIGAN
McMONAGLE. TIMOTHY E., P.J., and KILBANE, J., CONCUR.